IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENELLE MOLENDA,<br><br>  Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY SHERIFF'S OFFICE, GARFIELD COUNTY, GARFIELD COUNTY JAIL, CREE CARTER, WESLEY SYRETT, JIMMY OLDHAM, JAMES D. PERKINS, BARRY HUNTINGTON, and SCOTT BURNS,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 4:23-cv-00111-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff Jenelle Molenda owns the Adobe Sands Motel in Panguitch, Utah. Daryl DeRose lived next door. In July 2021, Mr. DeRose confronted Ms. Molenda about some tree branches and other debris on his property that he believed came from the motel. Ms. Molenda told Mr. DeRose that she knew people who could "take care of things." Apparently, Mr. DeRose construed that statement as a threat, so he reported it to law enforcement. Police then arrested Ms. Molenda for witness retaliation.

---

[1] Docket No. 51, filed February 20, 2025.

1

As averred by Ms. Molenda, once at the all-male staffed jail, she was told to change into a jumpsuit while being surveilled. She was then escorted to an isolated cell that contained three cameras: one facing the toilet, one facing the shower, and another surveilling the rest of the room. Ms. Molenda was not allowed to make any phone calls, including any contact with legal counsel. The jail refused to give her medication for her chronic inflammation, and she was not provided a meal despite being booked in the late afternoon. The meal she was given just before being released did not comply with Ms. Molenda's stated dietary restrictions. Finally, Ms. Molenda alleges that she could not sleep because she was forced to listen to excessively loud music late into the night. She spent a total of 19 hours in the county jail before being released.

Ms. Molenda was charged with retaliation against a witness and disorderly conduct. The charges were eventually dismissed without prejudice in February 2022. When word spread that Ms. Molenda was going to file a civil rights suit, the prosecutor brought new charges, including an additional felony for tampering with a witness. The charges were eventually dismissed with prejudice after the appearance of a new prosecuting attorney.

Plaintiff's Complaint includes claims for (1) Unlawful Arrest and Detention under 42 U.S.C. § 1983, (2) Malicious Prosecution under § 1983, (3) Cruel and Unusual Punishment under § 1983, (4) Violation of Rights to Privacy under § 1983, (5) Unlawful Arrest and Detention under the Utah Constitution, (6) Malicious Prosecution under the Utah Constitution, (7) Abuse of Process, (8) Cruel and Unusual Punishment under the Utah Constitution, and (9) Civil Conspiracy. Defendants include Garfield County Sheriff's Office, Garfield County, and Garfield County Jail, which are governmental entities; Cree Carter, Wesley Syrett, Jimmy Oldham, and James D. Perkins, who are officers of the Garfield County Sheriff's Office; Barry

Huntington, who is the Garfield County Attorney; and Scott Burns, who is the Piute County Attorney.

Defendants sought judgment on the pleadings, arguing that Plaintiff's state law claims were barred by the Utah Government Immunity Act, the Garfield County Sheriff's Office and Garfield County Jail were non-jural entities not subject to suit, the prosecutors were entitled to immunity, Plaintiff failed to state a claim upon which relief could be granted, the individual Defendants were entitled to qualified immunity, the municipality was not subject to liability, Plaintiff's claims against the individuals in their official capacity were redundant, and that Plaintiff's claim for punitive damages was subject to dismissal.[2]

Plaintiff has opposed Defendant's Motion and has filed the instant Motion. Plaintiff's request for leave to amend addresses certain of the issues raised in Defendants' motion for judgment on the pleadings. The proposed amendment removes the state law claims, removes the sheriff's office and jail, and removes the claims against one of the prosecutor Defendants. In addition, the proposed amendment adds additional allegations in support of Plaintiff's claim of unlawful arrest and detention. Specifically, Plaintiff seeks to add allegations that provide support for her contention that there was a lack of probable cause for her arrest and prosecution. Such allegations also affect the determination of whether certain Defendants are protected by prosecutorial or qualified immunity.

Defendants oppose Plaintiff's Motion for Leave to File Amended Complaint. Defendants argue that the proposed amendments are untimely, futile, and prejudicial.

---

[2] Docket No. 41.

## II.  DISCUSSION

Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[3] "The court should freely give leave when justice so requires."[4] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]

A.  UNDUE DELAY

Undue delay is a potential reason to not permit amendment. However, "[l]ateness does not of itself justify the denial of the amendment."[6] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[7] The Tenth Circuit "focuses primarily on the reasons for the delay."[8] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[9] Further, "[t]he longer the delay, 'the more likely the motion to

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).

[8] *Id.* at 1206.

[9] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[10]

Here, Plaintiff has provided an adequate explanation for any delay in seeking leave to amend. Plaintiff's proposed substantive amendments relate to evidence that was only recently produced in response to a motion to compel. Defendants can hardly be heard to complain of untimeliness where they failed to timely produce requested discovery. Given the recent disclosure of relevant information, the Court cannot conclude that Plaintiff's request for leave to amend is untimely.

B.      FUTILITY

Defendants also argue that Plaintiff's proposed amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[11] Defendants incorporate the arguments made in their motion for judgment on pleadings. However, they do not grapple with how the proposed new allegations affect Plaintiff's claims or Defendants' claims of immunity. In fact, they urge the Court to ignore Plaintiff's proffer.[12] Such thorny issues are better addressed with the benefit of full briefing. While not commenting on the merits of Plaintiff's claims, the Court cannot conclude that her proposed amendments are futile. Defendants remain free to renew their motion for judgment on the pleadings, if appropriate.

---

[10] *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[11] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[12] Docket No. 61, at 3.

C.    PREJUDICE

The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[13] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[14]

The proposed amendment does not present claims that arise out of different subject matter from the original complaint or raise significant new factual issues. Instead, Plaintiff's proposed amendments—in addition to removing several causes of action and one Defendant—provide additional factual support for Plaintiff's contention that her arrest and prosecution were not supported by probable cause. While the Court is sympathetic to the efforts that Defendants have expended in defending this action, Plaintiff's proposed amendment does narrow the issues by removing claims and parties and provides additional support for Plaintiff's claims. Moreover, this case is still in its infancy. The parties have agreed to extend the fact discovery deadline for three months after the Court decides the motion for judgment on the pleadings.[15] As such, the Court cannot find undue prejudice.

---

[13] *Minter*, 451 F.3d at 1207.

[14] *Id.* at 1208 (internal quotation marks and citation omitted).

[15] Docket Nos. 48, 50.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 51) is GRANTED. It is further

ORDERED that the other pending motions (Docket Nos. 41 and 55) are MOOT. It is further

ORDERED that Plaintiff file her amended complaint within fourteen (14) days of this Order.

SO ORDERED this 18th day of March, 2025.

PAUL KOHLER
United States Magistrate Judge