IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENELLE MOLENDA,<br><br>    Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY, a political subdivision; CREE CARTER, a/k/a Deputy Carter, a deputy sheriff of the Garfield County Sheriff's Office, in both his individual and official capacities; WESLEY SYRETT, a/k/a Deputy Syrett, a deputy sheriff of the Garfield County Sheriff's Office, in both his individual and official capacities; JIMMY OLDHAM, a/k/a Deputy Oldham, a deputy sheriff of the Garfield County Sheriff's Office, in both his individual and official capacities; JAMES D. PERKINS, a/k/a Sheriff Perkins, Garfield County Sheriff, an individual in both his individual and official capacities; BARRY HUNTINGTON, of the Garfield County Attorney's Office, an individual in both his individual and official capacities; JOHN DOES 1-10; in both their individual and official capacities,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY<br><br><br>Case No. 4:23-cv-00111-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on a Motion to Stay filed by Plaintiff's counsel.[1] For the reasons discussed below, the Court will deny the Motion.

---

[1] Docket No. 66, filed April 11, 2025.

1

Plaintiff Jenelle Molenda filed this action on November 27, 2023. Ms. Molenda recently passed away. Shortly after learning of her passing, counsel filed the instant Motion requesting the case be stayed until a personal representative can be substituted as the plaintiff in this matter. Defendants have filed a Suggestion of Death[2] and a Motion to Substitute Party[3] is currently set to be heard on May 27, 2025.

As an agency relationship, the attorney-client relationship terminates upon the death of the client.[4] Thus, as a result of Plaintiff's death, counsel does not currently represent any party to this action. While the Court appreciates counsel's concern about Plaintiff's successor-in-interest, it is well-established that "the attorney for the deceased party . . . is not a party to the action and, the attorney's authority to represent the deceased terminated on the death."[5] Therefore, the Court must deny the Motion because counsel lacks the authority to seek it.

To alleviate the concerns raised by the Motion to Stay, and pursuant to the Court's authority to "control the disposition of the causes on its docket,"[6] the Court will, however, vacate all deadlines in the Scheduling Order and will stay the deadline to respond to Defendants' motion for judgment on the pleadings. The Court will establish a new scheduling order, including new discovery deadlines, after consideration of the Motion to Substitute.

---

[2] Docket No. 67, filed April 18, 2025.

[3] Docket No. 70, filed April 30, 2025.

[4] *See* Restatement (Second) of Agency § 120(1).

[5] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac. & Proc., Civil § 1955.

[6] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

It is therefore

ORDERED that the Motion to Stay (Docket No. 66) is DENIED. It is further

ORDERED that all discovery deadlines in the Scheduling Order (Docket No. 36) are VACATED. It is further

ORDERED that any response to Defendants' motion for judgment on the pleadings (Docket No. 69) is STAYED until twenty-eight (28) days after the substitution of the proper party.

SO ORDERED this 14th day of May, 2025.

PAUL KOHLER
United States Magistrate Judge