IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENELLE MOLENDA,<br><br>    Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY SHERIFF'S OFFICE, GARFIELD COUNTY, GARFIELD COUNTY JAIL, CREE CARTER, WESLEY SYRETT, JIMMY OLDHAM, JAMES D. PERKINS, BARRY HUNTINGTON, and SCOTT BURNS,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT<br><br><br>Case No. 4:23-cv-00111-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and for Order Denying Defendants' Motion for Judgment on the Pleadings as Moot.[1] For the reasons discussed below, the Court will grant the Motion for Leave to Amend but will deny the request to find Defendants' Motion as Moot.

I. BACKGROUND

This case arises out of various civil rights claims originally brought by Jenelle Molenda. Ms. Molenda owned and operated the Adobe Sands motel in Panguitch, Utah. In early July 2021, Ms. Molenda was allegedly involved in a dispute with a neighbor, Daryl DeRose ("DeRose"), who owns a property adjacent to the Adobe Sands Motel. During their interactions, DeRose felt threatened by a statement made by Ms. Molenda. DeRose then contacted law enforcement at

---

[1] Docket No. 78, filed June 24, 2025.

1

least twice in a three-day span. Defendants Cree and Syrett responded to DeRose's concerns by visiting Ms. Molenda's property and then interviewed her regarding the alleged threats. Defendants Carter and Oldham later arrived at Ms. Molenda's property and arrested her. After her arrest, Ms. Molenda was booked into Garfield County Jail, where she spent approximately the next nineteen hours.

Ms. Molenda was then charged with disorderly conduct and retaliation against a witness, victim, or informant. Approximately eighteen months after the charges were filed, the new Iron County Attorney took over prosecution of the case and ultimately moved to dismiss the criminal case against Ms. Molenda.

Ms. Molenda recently passed away. Her father, Steven Molenda, was substituted as Plaintiff in his capacity as representative of Ms. Molenda's estate. Mr. Molenda now seeks to file a Second Amended Complaint. Defendants oppose Plaintiff's Motion for Leave to File Amended Complaint, arguing that the proposed amendments are untimely, prejudicial, futile, and fail to cure previous deficiencies. Defendants also oppose Plaintiff's request to find their previously filed Motion for Judgment on the Pleadings as moot.

## II.  DISCUSSION

Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[2] "The court should freely give leave when justice so requires."[3] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[4] "A general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[5]

Plaintiff's proposed amendments consist of the following: (1) substituting Mr. Molenda, in his representative capacity, as Plaintiff; (2) adding facts related to a report drafted by Defendant Syrett; and (3) providing facts about Ms. Molenda's death, Garfield County Sheriff's Department alleged involvement in investigating her death, and allegations that certain personal belongings of Ms. Molenda appear to be missing after the Sherriff's Department conducted their investigation. Plaintiff's amendments assert no new claims and add no new Defendants.

A.   UNDUE DELAY/DILATORY MOTIVE

Undue delay is a potential reason to not permit amendment. However, "[l]ateness does not of itself justify the denial of the amendment."[6] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[7] The Tenth Circuit "focuses primarily on the reasons

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (citing *Foman*, 371 U.S. at 182 and *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[6] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).

for the delay."[8] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[9] Further, "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[10]

Here, Plaintiff has provided an adequate explanation for the delay in seeking amendment. The alleged facts concerning the Syrett report were recently revealed in discovery and only as a result of a discovery dispute. The facts surrounding Ms. Molenda's death could not have been contained in an earlier pleading because Ms. Molenda passed away after the filing of the current Complaint. Based upon these circumstances, the Court cannot find undue delay or dilatory motive.

B.   PREJUDICE

The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[11] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[12]

---

[8] *Id.* at 1206.

[9] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[10] *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[11] *Id.* at 1207.

[12] *Id.* at 1208 (internal quotation marks and citation omitted).

The proposed amendment does not present any new claims. Plaintiff's proposed amendments regarding the Syrett report provide additional factual support for Plaintiff's contention that Ms. Molenda's arrest and prosecution were not supported by probable cause. While the facts surrounding Ms. Molenda's death do raise new factual issues, because there are no new claims related to those facts, it is difficult to discern how Defendants would be prejudiced by their inclusion. Rather, these facts appear to be included to provide a full picture of the events around Ms. Molenda's passing.

C.    FUTILITY

Defendants make a series of arguments related to futility.[13] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[14] "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief,"[15] the Court believes the best course here is to address Defendants' futility argument in conjunction with their already pending Motion for Judgment on the Pleadings. To this end, the Court declines Plaintiff's request to find Defendants' current Motion for Judgment on the Pleadings moot. "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion

---

[13] The Court views Defendants' arguments concerning threadbare allegations, lack of individualized conduct, causal link between Defendants and Ms. Molenda's death, Plaintiff's alleged attempt to transform this into a wrongful death action, and the allegations related to Garfield County's involvement in the investigation into Ms. Molenda's death as being closely related to the sufficiency of the Complaint and part of Defendants' futility argument.

[14] *Jefferson Cnty. Sch. Dist. No. R-1*, 175 F.3d at 859.

[15] *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse").

was pending."[16] Instead, "the court simply may consider the motion as being addressed to the amended pleading."[17]

D.     FAILURE TO CURE DEFICIENCIES

Defendants also argue that Plaintiff's Motion should be denied because Plaintiff has already amended the complaint and has failed to cure known deficiencies. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal."[18]

While Defendants contend that Plaintiff's claims are deficient, there has never been a judicial determination that the Complaint, in any of its forms, fails to state a claim. Instead, Plaintiff's previous amendment addressed many of the purported deficiencies that prompted Defendants to file a prior motion for judgment on the pleadings.[19] And the current amendments are based on newly developed facts, as discussed, and do not present new theories or claims. Therefore, the Court finds that amendment should be permitted.

---

[16] 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1476 (3d ed.).

[17] *Id.*; *see also Bird v. Easton*, 859 F. App'x 299, 302 (10th Cir. 2021) (finding no error in district court taking this approach).

[18] *Minter*, 451 F.3d at 1206 (internal quotation marks and citations omitted)

[19] Docket No. 63, at 3 ("Plaintiff's request for leave to amend addresses certain of the issues raised in Defendants' motion for judgment on the pleadings. The proposed amendment removes the state law claims, removes the sheriff's office and jail, and removes the claims against one of the prosecutor Defendants.").

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 78) is GRANTED IN PART as set forth above. It is further

ORDERED that Plaintiff promptly file the Second Amended Complaint. It is further

ORDERED that Plaintiff file his response to Defendants' Motion for Judgment on the Pleadings with (28) days of this Order.

SO ORDERED this 13th day of August, 2025.

PAUL KOHLER
United States Magistrate Judge