IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENELLE MOLENDA,<br><br>    Plaintiff,<br><br>v.<br><br>GARFIELD COUNTY, CREE CARTER, WESLEY SYRETT, JIMMY OLDHAM, JAMES D. PERKINS, and BARRY HUNTINGTON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br><br><br>Case No. 4:23-cv-00111-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint.[1] For the reasons discussed below, the Motion is denied.

I. BACKGROUND

This case asserts civil rights claims originally brought by Jenelle Molenda. Ms. Molenda owned and operated the Adobe Sands Motel in Panguitch, Utah. In early July 2021, Ms. Molenda was allegedly involved in a dispute with a neighbor, Daryl DeRose ("DeRose"), who owns a property adjacent to the Adobe Sands Motel. During their interactions, DeRose felt threatened by a statement made by Ms. Molenda. DeRose then contacted law enforcement at least twice in a three-day span. Defendants Cree and Syrett responded to DeRose's concerns by visiting Ms. Molenda's property and interviewing her regarding the alleged threats. Defendants

---

[1] Docket No. 88, filed August 27, 2025.

1

Carter and Oldham later arrived at Ms. Molenda's property and arrested her. After her arrest, Ms. Molenda was booked into Garfield County Jail, where she spent the next nineteen hours.

Ms. Molenda was then charged with disorderly conduct and retaliation against a witness, victim, or informant. Approximately eighteen months after the charges were filed, the new Iron County Attorney took over prosecution of the case and ultimately moved to dismiss the criminal case against Ms. Molenda.

Ms. Molenda filed suit in November 2023. Ms. Molenda sought and received permission to amend her Complaint. After Ms. Molenda passed away, her father, Steven Molenda, was substituted as Plaintiff in his capacity as representative of Ms. Molenda's estate. Mr. Molenda also previously sought and received permission to file an Amended Complaint, adding certain allegations that came to light after the previous amendment. Mr. Molenda now seeks to file a Third Amended Complaint to add allegations concerning a different case in this Court claiming allegations of civil rights violations by Garfield County and former Garfield County Sherrif James D. Perkins (the "Seymour Case").[2]

## II.  DISCUSSION

Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[3] "The court should freely give leave when justice so requires."[4] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[2] *Seymour et al. v. Perkins, et al.*, Case No. 4:21-cv-00047-DN-PK.

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]

Undue delay is a potential reason to not permit amendment. However, "[l]ateness does not of itself justify the denial of the amendment."[6] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[7] The Tenth Circuit "focuses primarily on the reasons for the delay."[8] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[9] Further, "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[10] "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal."[11]

---

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).

[8] *Id.* at 1206.

[9] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[10] *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[11] *Id.* at 1206 (internal quotation marks and citations omitted)

Here, Plaintiff does not provide an adequate explanation for delay. As noted, Plaintiff seeks to add allegations concerning a case currently pending before this Court—the Seymour Case. That case has been pending since April 29, 2021, and could have been easily discovered through a search for cases against either Garfield County or James D. Perkins. While counsel states that he searched for such cases, his failure to discover the Seymour Case does not negate the fact that it has long existed. Counsel's failure to discover it does not provide an adequate explanation for the delay.

Defendants would also be prejudiced by further amendment. The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[12] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[13]

Here, the allegations related to the Seymour Case add new factual issues that were not previously raised. Additionally, Defendants are prejudiced by continually having to answer and seek judgment on the pleadings based on Plaintiff's repeated amendments. And it appears that Plaintiff is using amendment, at least in part, to avoid resolution of Defendants' motion for judgment on the pleadings.

Further, Plaintiff's request for amendment is completely unnecessary. Plaintiff seeks to amend the complaint to add allegations concerning a case pending in this Court. However, "a

---

[12] *Id.* at 1207.

[13] *Id.* at 1208 (internal quotation marks and citation omitted).

court may, [s]ua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties."[14] Plaintiff has called attention to the Seymour Case in response to Defendants' motion for judgment on the pleadings[15] and Defendants have replied to Plaintiff's arguments.[16] Amendment to add these allegations to the complaint would, therefore, provide no additional information not already before the Court.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (Docket No. 88) is DENIED.

SO ORDERED this 29th day of September, 2025.

BY THE COURT

PAUL KOHLER
United States Magistrate Judge

---

[14] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (holding that a court "is permitted to take judicial notice of its own files and records") (internal quotation marks and citation omitted).

[15] *See* Docket No. 90, at 18–19.

[16] Docket No. 95, at 6.